**Signed and Filed: November 19, 2014**



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re ) Bankruptcy Case
) No. 12-31524DM
GIRA POLLI OF MILL VALLEY, )
a Limited Partnership, ) Chapter 11
)
Debtor. )
_____ )

MEMORANDUM DECISION ON APPLICATION
FOR ALLOWANCE OF COMPENSATION

On May 21, 2012, Gira Polli of Mill Valley, LP ("Debtor")

filed its chapter 11 case, represented by Cory Birnberg of

Birnberg & Associates ("Counsel").  On May 25, 2012, Debtor filed

its application to employ counsel, stating that Counsel had "never

been employed by Debtor and Debtor has only consulted with the law

firm for bankruptcy." _See_ Dkt. Nos. 12 at ¶ 3 and 12-1 at ¶ 4.

Counsel thereafter filed a supplemental declaration stating that

it had "no prior connection with the Debtor" and "was consulted

about filing a Chapter 11 case at various times in 2011 and has

given the Debtor intermittent advice and recommendations as to the

filing of the Chapter 11 loan workout in bankruptcy and

information of cramdown of unsecured lenders."  Dkt. No. 25 at ¶

3.

-1-

In the supplemental declaration, Counsel stated that it had "briefly corresponded with the secured lenders about the loans, and prepared the bankruptcy petition, and updated it from time to time at the Debtor's request in the event the Debtor could not obtain a loan to forestall the trustee's sale. Eventually, the loan the debtor negotiated did not materialize and Chapter 11 filing was necessary." *Id.* Counsel did not disclose that it was owed any fees for this prepetition work.

Following confirmation of Debtor's modified chapter 11 plan on August 4, 2014, Counsel filed its first and final application for compensation pursuant to sections 328, 329, 330 and 331[1] and Rules 2002 and 2016. Dkt. No. 236 at ¶ 2. Counsel sought approval of fees in the amount of $253,561.02 and costs in the amount of $4,919.70 (for a total of $258,480.72, of which $244,880.72 remained unpaid). Dkt. No. 236 at ¶ 2. Counsel's fees included $45,300.01 for pre-bankruptcy work that "began almost 9 months before the filing." *Id.* at page 7. The corresponding time sheets reflect work performed from July 22, 2011, through the petition date. Dkt. No. 236-6 at pages 1-11. The fees for prepetition work related to matters pertaining to the underlying case: negotiations with lenders, preparation of schedules, and discussions of bankruptcy strategy and planning. Dkt. No. 241 at pages 2-6.

Tracy Hope Davis, the United States Trustee for Region 17

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

-2-

("UST"), objected to Counsel's fee application on several grounds, one of which is pertinent to the issue addressed in this memorandum decision:  that Counsel was a prepetition creditor ineligible for employment under section 327(a) and thus not entitled to compensation.  Dkt. No. 239 at pages 3-6.

At the hearing on the fee application, the court permitted Counsel to submit further briefing on the issue of whether a court can grant compensation to a professional who did not disclose a disqualifying condition or offer to cure such a condition at the time of filing the employment application.  Both Counsel and the UST submitted supplemental briefing on October 10 and October 17, 2014, respectively and the court took the matter under advisement. For the reasons set forth below, the court concludes that absent disclosure and waiver of its prepetition claim for unpaid attorneys' fee, Counsel was ineligible for employment. Nonetheless, given that an employment order was entered (albeit without full disclosure by Counsel) pursuant to section 327, the court has the discretion to award compensation under section 328 notwithstanding any invalidity of the employment order.[2]

The order approving Counsel's employment was entered in error because court was not provided all relevant information pertaining to potential disqualifying conditions, specifically that Counsel was owed money for services rendered prepetition.  In *In re Siliconix*, 135 B.R. 378 (N.D. Cal. 1991), the district court held

---

[2] In its post-hearing brief (Dkt. No. 247), the UST indicated that Debtor was seeking compensation under section 330.  Debtor's application, however, indicates that it sought approval of the fees pursuant to sections 328 and 330.  As discussed below, the court has the discretion to allow fees under section 328, even if it erroneously approved employment of the professional.

-3-

that professional persons who are creditors of the debtor are not
disinterested and thus cannot be employed under 11 U.S.C. section
327(a).[3]  That case has long been the rule in this district, and
all counsel practicing bankruptcy law here are expected to know of
it.

    If Counsel's  unpaid prepetition fees had been disclosed, the
court would have returned as defective (or "bounced") the proposed
order and informed counsel that it would have to waive the fees or
not be employed.  In other words, the disqualifying condition
could have been remedied if known.  Counsel now offers to so
remedy the problem by waiving all but $10,000 of those fees.  The
UST contends that the disqualifying condition cannot now be cured,
and even if it could, Counsel was not disinterested during the
pendency of the case and thus ineligible for employment, citing *In
re Madera Roofing, Inc.,* 2014 WL 4796758, *11 (Bankr. E.D. Cal.
Sept. 25, 2014) (designated by the court as "not for publication"
and stating that "it has no precedential value").

    The court agrees that Counsel was not validly employed, but
it was nonetheless employed by order of the court.  The court
could vacate the employment order, but the invalidity of the
employment does not necessarily preclude compensation.  In its
initial opposition to the fee application, the UST relied

---

    [3] Section 327(a) provides that a trustee (or a debtor-in-
possession) "may employ one or more attorneys, accountants,
appraisers, auctioneers, or other professional persons, that do
not hold or represent an interest adverse to the estate, and <u>that
are disinterested persons</u>, to represent or assist the trustee [or
debtor-in-possession] in carrying out the trustee's duties under
this title."  (Emphasis added.)  Section 101(14)(A), in turn,
defines "disinterested person" to include a "a person that [] is
not a creditor, an equity security holder, or an insider."

-4-

extensively on *Kun v. Mansdorf (In re Woodcraft Studios, Inc.)*, 464 B.R. 1 (N.D. Cal. 2011), in which the court held that an attorney's failure to inform the bankruptcy court of his prepetition relationship with debtor and the full circumstances surrounding his receipt and use of a $5,000 retainer provided the court "with discretion to deny all of his fees, including his retainer." *Id.* at 10. Denial of the fees was discretionary, not mandatory.

While it has affirmed total disallowance of fees for failure to disclose all connections fully,[4] the Ninth Circuit has not held that the invalidity of an employment results in a per se disallowance of fees.[5] The court, surprisingly not Counsel, has found that the Seventh Circuit has specifically addressed this issue in a persuasive opinion. In *Kravit, Gass & Weber, S.C. v. Michel (In re Crivello)*, 134 F.3d 831 (7th Cir. 1998), a law firm employed pursuant to section 327(a) as counsel for the debtor in

---

[4] *Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 882 (9th Cir. 1995).

[5] The Bankruptcy Appellate Panel for the Ninth Circuit ("BAP")has held that valid employment is generally a prerequisite to compensation, although employment can sometimes be approved retroactively. *Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474, 479 (9th Cir. BAP 1996) (observing that when the professional has disqualifying conflict of interest for only some services, "the bankruptcy court has discretion to award or deny compensation for services performed outside of a conflict"). Thus, if the conflict is removed or if work is performed outside of the conflict, compensation is appropriate. The BAP has more specifically held that a bankruptcy court has discretion to award compensation for services performed in reliance on an order approving employment, even if the employment order is later vacated or reversed on appeal. *See First Interstate Bank of Nevada v. CIC Inv. Corp. (In re CIC Inv. Corp.)*, 192 B.R. 549, 553-54 (9th Cir. BAP 1996). In *CIC*, however, the professional (unlike Counsel here) had "fully disclosed" its relevant connections and "all potential conflicts" at the outset.

-5-

possession had -- like Counsel here -- failed to disclose, prior

to entry of the employment order, numerous prior connections with

the debtor and insiders.  The order was never appealed, but when

the connections were finally disclosed for a subsequent hearing on

the firm's fee applications (to which the UST for that district

had objected), the bankruptcy court revoked the employment order

and denied all fees requested.  On appeal, the law firm argued

that despite the dual prerequisites to employment set forth in

section 327(a), i.e., that a professional person be disinterested

and hold no interest adverse to the estate, section 328(c)[6] grants

the bankruptcy court discretion to allow fees even where these

dual requirements have not been met.  The UST contended that since

the grant of discretion in section 328(c) applies only as to

persons "employed under section 327," it has no application where

fees are sought by a professional whose employment was erroneous,

i.e., as a result of undisclosed connections and conflicts of

interest.

The Seventh Circuit framed "the critical question" as

"whether a bankruptcy court must deny fees when it subsequently

learns that a professional never should have been employed under

---

[6]Section 328(c) provides:

(c) Except as provided in section 327(c), 327(e), or
1107(b) of this title, the court may deny allowance of
compensation for services and reimbursement of expenses
of a professional person employed under section 327 or
1103 of this title if, at any time during such
professional person's employment under section 327 or
1103 of this title, such professional person is not a
disinterested person, or represents or holds an interest
adverse to the interest of the estate with respect to
the matter on which such professional person is
employed.

-6-

section 327(a) in the first place or whether it has discretion to deny fees." *Id.* at 836 (emphasis in original). The court found that the plain language of section 328(c) provided the answer, as it vests the bankruptcy court with discretion to award or deny fees if "at any time during ... employment" -- including the onset of employment -- a professional person does not meet the dual requirements of section. *Id.* at 837.

> Unlike the [UST's] interpretation [requiring a valid employment order as a prerequisite to the discretion granted in § 328(c)], our reading of the Bankruptcy Code ensures symmetry between §§ 327(a) and 328(c) ... The [UST] would like to use § 328(c) to question collaterally whether a professional should be employed. Section 328(c) does not govern whether a court should employ an interested person; § 327(a) provides the Code's response.

*Id.* at 839. Accordingly, in order to "give[ ] full effect to both § 327 and § 328," the court held that even the entry of an invalid employment order under section 327(a) "trigger[s] the bankruptcy court's discretion under § 328(c)." *Id.* at 838.

The court agrees. Once entered, even if erroneously, the employment order triggers the court's discretion to determine and allow (or disallow) fees under section 328(c). The validity or invalidity of the order does not affect the court's discretion under section 328(c). Counsel has offered to waive all but $10,000 of his prepetition fees. He would have had to waive all of them to have been employed properly. Thus, the reasoning of the Seventh Circuit in *Crivello* is particularly applicable here once all prepetition fees are eliminated, removing the disqualifying condition.

All that said, the court will not approve any of the

-7-

undisclosed prepetition fees, including the $10,000 that Counsel

still seeks.  Moreover, it agrees with the UST that the fees

sought by Counsel are excessive given the nature of the case.

Even Counsel concedes this, offering to "reduce the amount claimed

in this application by $25,000, as there are times when counsel

was not maybe the most effective, or was not successful enough."

Dkt. No. 236 at 5:11-14.  However, no such deduction was actually

made.  Additionally, the plan of reorganization circulated to

creditors for voting on confirmation on or about June 11, 2014,

reflected that Counsel's administrative fees would be $150,000,

which is significantly less than the amount sought just two months

later.

　　　Despite the inefficiencies conceded by Counsel, Counsel

vigorously (and successfully) pursued his client's reorganization

notwithstanding formidable odds and opposition.  Without Counsel's

dedicated assistance, Debtor likely would not have achieved this

good result.  Therefore, instead of performing a line-by-line

analysis of the time records, the court will exercise discretion

and simply reduce the fees significantly, an appropriate outcome

for an attorney who holds himself out as a bankruptcy specialist

who has appeared often before the court and should not have made

the error that he did.  Counsel is solely responsible for this

unfortunate situation and must bear the cost of a hard lesson

learned.  Yet reducing fees entirely would give the debtor a

windfall far disproportionate to Counsel's error.

　　　Since the court could deny all fees sought, it will temper

its discretion and reduce them in an amount that is appropriate

under the circumstances of this case.  The final allowances and

-8-

authorized payments are as follows:

| | |
|---|---|
| Total fees claimed | $253,561.02 |
| Prepetition fees -Disallowed | < $45,300.01> |
| Costs - Allowed | $ 4,919.70 |
| Previously paid | < $13,600.00> |
| Voluntary reduction by Counsel | < $25,000.00> |
| Additional reduction by court | < $25,000.00> |
| Net to be allowed and paid | $149,580.71 |

All other objections to the fees are overruled.

Counsel should upload an order consistent with this memorandum decision, and serve a copy of the proposed order on the UST in accordance with B.L.R. 9021-1(c).

*** END OF MEMORANDUM DECISION ***

-9-